# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA,

    Plaintiff,

v.                                                                     Civ. No. 19-516 MV/GJF

MARGARET DUBBIN and
MARK DUBBIN,

    Defendants.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court[1] on Plaintiff's "Motion for Default Judgment" [ECF 11], filed August 23, 2019. Plaintiff requests that, pursuant to Federal Rule of Civil Procedure 55(b)(1), the Clerk of Court enter judgment against Defendants in the amount of $210,929.40. For the reasons that follow, the Court **RECOMMENDS** that the Clerk be directed to enter judgment in that amount.

## I. PROCEDURAL BACKGROUND

On June 15, 2019, Plaintiff filed a complaint for damages, which alleged that Defendants breached a General Agreement of Indemnity ("GAI") contract. *See* ECF 2. On June 21, 2019, summons was duly issued, and on June 29, 2019, Plaintiff effectuated service on both Defendants. *See* ECFs 5, 6. Defendants, however, failed to answer or otherwise file a responsive pleading in accordance with Federal Rule of Civil Procedure 12. Therefore—and with the support of two affidavits attesting that service was properly made—Plaintiff requested that the Clerk of Court

---

[1] U.S. District Judge Martha Vazquez referred this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings, and to perform any legal analysis required to recommend an ultimate disposition of the case. *See* ECF No. 24.

enter default judgment against Defendants pursuant to Federal Rule of Civil Procedure 55(a). *See* ECFs 7-9. The Clerk entered default against both Defendants on August 13, 2019. *See* ECF 10. In response, Plaintiff filed the instant Motion requesting that the Clerk enter default judgment under Rule 55(b)(1) in the sum certain amount of $210,929.40. Mot. 1.

## II. ANALYSIS

Pursuant to Rule 55, Plaintiff must overcome several hurdles to obtain a default judgment. *See Williams v. Smithson*, 57 F.3d 1081 (10th Cir. 1995) (unpublished) ("Rule 55 mandates a two-step process for a party who seeks a default judgment in his favor."). To begin, the Clerk must "enter[] default under Rule 55(a), a[s] [a] prerequisite for the entry of a default judgment under Rule 55(b)(1)." *Garrett v. Seymour*, 217 F. App'x 835, 838 (10th Cir. 2007) (unpublished). Here, the clerk entered default on August 13, 2019. *See* ECF 10.

Before moving on to step two, however, three ancillary requirements must first be met. To begin, a court must ensure that it has jurisdiction over the parties to the action and the subject matter. *See Bixler v. Foster,* 596 F.3d 751, 761 (10th Cir. 2010) ("Personal jurisdiction over the defendant is required before a default judgment in a civil case may be entered.") (citation omitted); *see also Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir.1986) ("before entering default judgment, a court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties"). A court must also determine whether the facts alleged in the complaint, taken as true, constitute a proper cause of action before it can proceed to step two. *Bixler*, 596 F.3d at 762 (noting that "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law" quoting 10A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2683 at 63 (3d ed. 1998)).

With respect to personal jurisdiction, "[P]laintiff need only make a *prima facie* showing [of personal jurisdiction] if the motion [for default judgment] is decided only on the basis of the parties' affidavits and other written materials." *Dennis Garberg & Assocs., Inc. v. Pack-Tech International Corp.*, 115 F.3d 767, 773 (10th Cir. 1997). In determining whether personal jurisdiction exists, the Court must also address the adequacy of the service of process on Defendants. *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir.1983) (per curiam) (stating "default judgment [is] subject to attack as void for failure to serve the defendant" (citation omitted))

In addressing these ancillary requirements, the Court first finds that it has personal jurisdiction over Defendants. Plaintiff alleges that both Defendants are citizens of New Mexico and that they reside in Dona Ana County. Compl. ¶¶ 11-12. Defendants were personally served with process at 505 Lucerne Ct., Las Cruces, NM 88005, which appears to be their residence. *See* ECFs 5-6. With the Complaint having been properly served within this district, Plaintiff has satisfied the personal jurisdiction requirement necessary to obtain a default judgment. *See* Fed. R. Civ. P. 4(e)(A) ("An individual ... may be served . . . by . . . delivering a copy of the summons and of the complaint to the individually personally.").[2]

The Court also finds that it has subject matter jurisdiction over the instant dispute. Under 28 U.S.C. § 1332(a), "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." Consequently, because the complaint alleges (1) breach of the GAI contract with damages easily exceeding $75,000[3] and (2) that Plaintiff is a Connecticut

---

[2] The Court also concludes that venue is proper. *See* 28 U.S.C. § 1391(b)(1) ("A civil action may be brought in—a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located"), (b)(2) ("a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated"); Compl., ¶ 14 (jurisdictional provision of GAI).

[3] The complaint alleges damages in excess of $190,000. *See* Compl., *passim*.

corporation with its principal place of business in Connecticut and that Defendants are citizens of and reside in New Mexico, Compl. ¶¶ 10-12, 36-43, the Court has subject matter jurisdiction over this dispute.

Finally, the Court finds that the facts alleged in Plaintiff's complaint constitute a legitimate cause of action. Defendants executed the GAI contract in favor of Plaintiff as a condition to the issuance of performance and payment bonds. Compl. ¶ 14. Pursuant to the GAI, Defendants agreed to indemnify Plaintiff and hold it harmless from and against all losses and expenses incurred with the issuance of the performance and payment bonds. *Id.* ¶ 6. Defendants then failed to make payments on the bonded contracts, thus requiring Plaintiff to pay claims on the bonds. *Id.* ¶ 7. Defendants have refused to indemnify Plaintiff pursuant to the GAI. *Id.* ¶ 8. These facts, if taken as true, clearly establish a valid breach of contract claim.

Moving on to step two of the Rule 55 analysis, if a claim is for a "sum certain or sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount" against a defendant whom an entry of default has already been entered against. Fed. R. Civ. P. 55(b)(1). And this may be done without a hearing if "the amount claimed is a liquidated sum or one capable of mathematical calculation." *Hunt v. Inter-Globe Energy, Inc.*, 770 F.2d 145, 148 (10th Cir. 1985).

Here, Plaintiff demands a sum certain of damages. To support the sum demanded, Plaintiff provided documentation regarding the bonds paid before and after the filing of the complaint, as

well as invoices for professional services and attorney's fees[4] incurred in enforcing the GAI. *See* Compl., Exs. 1-7; Mot. Exs. A, B, C. Importantly, Plaintiff also included an affidavit executed by Bryce Holzer, claim counsel for Plaintiff, itemizing and attesting to each sum demanded. Mot. Ex. 4. These materials validate the sum demanded and demonstrate how it was calculated.

## III. CONCLUSION

**IT IS THEREFORE RECOMMENDED** that Plaintiff's Motion be **GRANTED**.

**IT IS FURTHER RECOMMENDED** that the Clerk be **ORDERED** to enter judgment against Defendants in the sum certain amount of $210,929.40, consisting of the following payments:

1. $119,056.57 to be paid under Bond No.106802586, Compl. Ex. 2;

2. $43,150.98 to be paid under Bond No. 106802586, *id*. Ex. 3;

3. $21,437.39 to be paid under Bond No. 106802587, *id*. Ex. 4;

4. $3,910.00 to be paid under Bond No. 106802587, *id*. Ex. 5;

5. $16,516.46 to be paid under Bond No. 106802587, which was paid subsequent to the filing of the complaint, Mot. Ex. A;

6. $576.00 to be paid to Benchmark Consulting Services for its services as a construction consultant on the performance bond claims, *id*. Ex. B; and

---

[4] Normally, a plaintiff's request for reasonable attorney's fees converts a claim to one that is *not* for a sum certain. *See Hunt*, 770 F.2d at 148 (citing *Venable,* 721 F.2d at 300); *see also* 10A C. Wright & A. Miller, Fed. Prac. & Proc. Civ. § 2683 n.7 (3d ed.). But that notion is premised on a *reasonableness* limitation to an award of attorney's fees. And when a contract contains no reasonableness limitation, as is the case here, a "trial court's role is to determine if the claimed fees are inequitable or unreasonable." *U.S. for Use of C.J.C., Inc. v. W. States Mech. Contractors, Inc.*, 834 F.2d 1533, 1549 (10th Cir. 1987); *see also Westar Energy, Inc. v. Lake*, 552 F.3d 1215, 1228 (10th Cir. 2009) (discussing burden of proof when fees are based on contract); Compl. Ex. 1 ¶ 1 (Definition of Loss), ¶ 3 (Indemnification) ("indemnitors shall exonerate, indemnify and save Company harmless from and against all Loss" which includes "attorneys' and other professional fees"). Moreover, under this standard a "trial court is not responsible for independently calculating a "reasonable fee." *Id*. Therefore, Plaintiff's request for contractual fees associated with enforcement of the GAI—a request that is supported by documentation and an affidavit—is a claim for a sum certain. Furthermore, a reimbursement of $6,282.00 in legal fees for a party to recover over $200,000.00 in damages is hardly unreasonable or inequitable. In fact, it gives Plaintiff "the benefit of [its] bargain, and the [C]ourt's responsibility is to enforce that bargain." *W. States Mech. Contractors, Inc.,* 834 F.2d at 1548.

5

7. $6,282.00 to be paid to Plaintiff for its legal fees in bringing this action to enforce the terms of the GAI, *id*. Ex. C.

**SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1)(c). Any request for an extension must be filed in writing no later than seven days from the date of this filing. **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**